**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARINE AMENDOLA CHARLESTON
f/k/a MARINE AMENDOLA,

    Plaintiff,

vs.                                                           Case No. 3:20-cv-1417-J-34JRK

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 17, 2020, Defendant Hartford Insurance Company of the Midwest filed a notice of removal, seeking to remove this case from the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida. See generally Defendant Hartford Insurance Company of the Midwest's Notice of Removal (Doc. 1; Notice). In the Notice, Hartford asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "[t]his civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Id. ¶ 3. However, upon review of the Notice, attached exhibits, and Complaint (Doc. 1-4), the Court is unable to determine whether it has diversity jurisdiction over this action because Hartford fails to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to

meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.[1]

In the Complaint, Plaintiff alleges that she submitted to Hartford, her insurer, an estimate for repairs to Plaintiff's home stemming from allegedly "covered losses due to water." See Complaint ¶¶ 4, 8, 11. According to Plaintiff, Hartford "failed or refused to pay the appropriate amount for the repairs." Id. ¶ 12. In the Notice, Hartford argues that Plaintiff's alleged damages, combined with her demand for a statutory award of attorney's fees, satisfies the $75,000 jurisdictional threshold. See Notice ¶ 19. In support, Hartford submits the Declaration of Danielle Valiquette in Support of Petition for Removal (Doc. 1-3). In her Declaration, Valiquette, a senior legal specialist at Hartford, states that Plaintiff's counsel submitted to Hartford "an estimate in the amount of $70,588.88 for repairs of the alleged property damage." See Valiquette Decl. ¶ 7. Valiquette asserts that Hartford

---

[1] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

issued payment to Plaintiff for the claimed property damage in the amount of $13,357.24. Id. ¶ 8. In addition, Valiquette states that the policy deductible is $2,000. Id. ¶ 5. Thus, Hartford has plausibly shown that the amount of damages in controversy is $55,231.64. See Alexion v. Fed. Ins. Co., No. 6:18-cv-2112-Orl-22GJK, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019). To bridge the remaining nearly $20,000 gap, Hartford asserts that "[d]ue to the complex, discovery-laden nature of the underlying matter, it is clear that the amount of reasonable attorney's fees sought by Plaintiff against Hartford, coupled with the amount of Plaintiff's claim, will exceed $75,000.00." See Notice ¶ 24.

Notably, "[t]he general rule is that attorneys' fees do not count toward the amount in controversy unless they are allowed for by statute or contract." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003). However, "[w]hen a statute authorizes the recovery of attorney's fees," as in this case, "a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000); see also Fla. Stat. § 627.428(1). Nevertheless, the Eleventh Circuit has suggested that "when the amount in controversy substantially depends on a claim for attorney fees, that claim should [arguably] receive heightened scrutiny." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000). Additionally, in this Court's view, the amount of attorney's fees to be included in a calculation of the amount in controversy includes only the amount of fees incurred as of the time of removal, and does not include prospective amounts. See Shelly v. Target Corp., 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019) ("The Court concludes that only those attorney's fees incurred as of removal are "in controversy" within the meaning of 28 U.S.C. § 1332."); Oliva v. Geovera Specialty Ins. Co., No. 19-cv-23625-BLOOM/Louis, 2019 WL 4183582, at *3 (S.D. Fla.

Sept. 4, 2019) (concluding that "the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal").

Here, Hartford projects that this case will entail a substantial amount of attorney's fees but does not specify what amount—if any—of its attorney's fee estimate is based on fees incurred as of the time of removal, which the Court may consider, versus the amount predicated on prospective fees, which the Court will not consider.  See Notice ¶ 24; see also Shelly, 446 F. Supp. 3d at 1014.  Therefore, the Court is unable to determine whether the amount in controversy exceeds $75,000.  As such, Hartford has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.  In light of the foregoing, it is

**ORDERED:**

Defendant Hartford Insurance Company of the Midwest shall have until **January 8, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on December 21, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties